**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0367, <u>State of New Hampshire v. Patricia Pappalardo</u>, the court on March 13, 2015, issued the following order:**

Having considered the brief filed by the defendant, Patricia Pappalardo, the memorandum of law filed by the State, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant appeals an order of the Circuit Court (<u>Stephen</u>, J.) finding her guilty of misdemeanor driving while under the influence of drugs, first offense. <u>See</u> RSA 265-A:2, I(a) (2014). She challenges the trial court's denial of her motion to suppress all evidence obtained as a result of her arrest, which she argues violated RSA 594:10, I (2001) and RSA 594:15 (2001). We affirm.

When reviewing a trial court's order on a motion to suppress, we accept the trial court's factual findings unless they lack support in the record or are clearly erroneous, and we review its legal conclusions <u>de novo</u>. State v. Brown, 155 N.H. 164, 167 (2007).

Resolving the issues in this appeal requires us to engage in statutory interpretation. We review <u>de novo</u> a trial court's interpretation of a statute. <u>See</u> State v. Brooks, 164 N.H. 272, 291 (2012). In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. <u>Id</u>. We first examine the language of the statute, and, when possible, ascribe the plain and ordinary meanings to the words used. <u>State v. Moussa</u>, 164 N.H. 108, 128 (2012). Our goal is to apply statutes in light of the legislature's intent in enacting them and in light of the policy sought to be advanced by the entire statutory scheme. <u>Brooks</u>, 164 N.H. at 292.

The defendant first argues that her arrest violated RSA 594:10, I, which provides, in pertinent part:

An arrest by a peace officer without a warrant on a charge of a misdemeanor or a violation is lawful whenever:

(a) He has probable cause to believe that the person to be arrested has committed a misdemeanor or violation in his presence; or

. . . .

(c) He has probable cause to believe that the person to be arrested has committed a misdemeanor or violation, and, if not immediately arrested, such person will not be apprehended, will destroy or conceal evidence of the offense, or will cause further personal injury or damage to property.

RSA 594:10, I(a), (c).  The State need only show by a preponderance of the evidence that the arrest at issue conformed to the statutory requisites.  State v. Schneider, 124 N.H. 242, 246 (1983).

To arrest the defendant for misdemeanor driving while under the influence, the police had to have probable cause that she had driven or had attempted to drive on a public way while under the influence of drugs.  See RSA 265-A:2, I.  To the extent that the defendant contends that the State failed to establish that the arresting officer had probable cause to believe that she had driven on a public way, we disagree.  The defendant told the arresting officer that she had driven to the police station.  Moreover, without objection, the trial court took judicial notice that the police station is located on a public way.

The defendant argues that her arrest was unlawful because the police did not observe her operating her motor vehicle on a public way.  However, such observation is not required to justify an arrest under RSA 594:10, I(c).  The defendant contends that her arrest was not warranted under RSA 594:10, I(c) because there was no danger of her destroying or concealing evidence of the offense.  We disagree.  Because of the nature in which drugs are metabolized in the body, any significant delay in seizing the defendant's blood could have resulted in the loss of evidence.  State v. Steimel, 155 N.H. 141, 148-49 (2007).  Moreover, we agree with the trial court that, because the incident occurred on a weekend, when the courts are closed, it is possible that a warrant could not have been timely obtained.  See id. at 149.

The defendant next asserts that the police violated RSA 594:15, a 1917 statute that has not been amended since it was first enacted.  This statute provides:

The officer in charge of a police station to which an arrested person is brought shall immediately secure from the prisoner, if possible, the name of the parent, nearest relative, friend or attorney with whom the prisoner may desire to consult, and shall immediately notify such relative, friend or attorney of the detention of the prisoner, when possible.  Notice shall be given by telephone or messenger when practicable.

RSA 594:15.

The trial court concluded that the police complied with this statute by asking the defendant "during the booking process or shortly thereafter" whether she would like to make a telephone call. The record supports this finding. In addition, the record establishes that, after she was arrested, the defendant was advised of, and waived, her Miranda rights. See Miranda v. Arizona, 384 U.S. 436 (1966). The Miranda rights form, which the defendant signed approximately 50 minutes after her arrest, advised her that, among other rights, she had "the right to consult an attorney before making any statement or answering questions." The form also advised her that she had the right "to stop the questioning for the purpose of consulting a lawyer." Given this record, we conclude that the defendant's arrest did not violate RSA 594:15.

Although, in her brief, the defendant mentions the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution and Part I, Articles 15 and 19 of the State Constitution, she has not developed any argument based upon those provisions. Such "off-hand invocations" of the Federal and State Constitutions "supported neither by argument nor by authority . . . warrant[ ] no extended consideration." Keenan v. Fearon, 130 N.H. 494, 499 (1988).

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

3